UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AFFILIATED ORTHOPAEDIC SPECIALISTS, P.A., | : : : | |
| Plaintiff, | : : | Civil Action No. 20-5903 (FLW) |
| v. | : : : | **ORDER and JUDGMENT** |
| ADVANTEK BENEFIT ADMINSTRATORS, | : : : | |
| Defendant. | : : | |

**THIS MATTER** having been opened to the Court by Michael Gottlieb, Esq., counsel for Plaintiff Affiliated Orthopaedic Specialists, PA ("Plaintiff"), on a motion for default judgment against Defendant Advantek Benefit Administrators ("Defendant"), pursuant to Fed. R. Civ. P. 55(b); it appearing that Defendant failed to answer or otherwise respond to the Complaint after having been properly served, and consequently, default was entered against Defendant by the Clerk's Office on July 27, 2020, and on November 18, 2020, Plaintiff filed the instant motion for default judgment; it further appearing that Defendant, having been served with the instant motion, has not opposed the motion or otherwise responded to this lawsuit; the Court, having reviewed Plaintiff's briefing, makes the following findings:

(1)   In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a).  *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015).  Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain."  *Id.*  The Third Circuit has explained that while the entry of default judgment "is largely within

1

a district court's discretion, three factors control this determination: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).  In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) Here, all factors weigh in favor of granting default judgment against Defendant.  First, Plaintiff has been prejudiced because Defendant failed to timely respond to the Complaint and Summons.  *See Peterson v. Boyarsky Corp.*, No. 08–1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant].").  Second, the facts alleged in the Amended Complaint provide no indication of a meritorious defense.  "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the Defendant has] a meritorious defense…..'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted).  Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted).  Here, since Defendant has not timely responded to any of the pleadings over the course of the

|     | |
| --- | --- |
|     | litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012). |
| (3) | Further, an entry of default judgment is appropriate because Plaintiff's allegations in the complaint, taken as true, state a legitimate cause of action for failure to make payments under 29 U.S.C. § 1132(a)(1)(B). Under 29 U.S.C. § 1132(a), "a participant or beneficiary" may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Am. Ortho. & Sports Med. v. Indep. Blue Cross, LLC*, 2017 WL 1243147, at *2 (D.N.J. Feb. 24, 2017) (quoting 29 U.S.C. § 1132(a)). Additionally, "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015); *accord Am. Orthopedic & Sports Med.*, 2017 WL 1243147, at *2 ("Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider."). |
| (4) | Plaintiff is a medical practice and one of its physicians provided medical treatment to a patient that was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator on three separate occasions between July 2018 and January 2019. *See* ECF No. 1, Compl. ¶¶4-6, 9, 22. The patient assigned her applicable health insurance rights and benefits to Plaintiff and Plaintiff billed Defendant for the medical services provided, in an amount totaling $21,310. *Id*. |

at ¶¶6-8,36. Defendant issued payment in an amount of $4,837.03 and refused to pay the remaining balance. *Id*. at ¶36. Plaintiff further alleges that under the terms of the relevant insurance plan, it was entitled to reimbursement in the amount oof $18,354.34. *Id*. at¶ 37. Prior to filing the instant lawsuit, Plaintiff filed various internal appeals with Defendant challenging the reimbursements as inconsistent with the terms of the patient's insurance plan but was allegedly unsuccessfully. *Id*. at ¶31. Taking Plaintiff's allegations as true, it has fully performed its obligations, and Defendant has failed to remit the total reimbursement amount under the plan.

(5) Moreover, Plaintiff seeks a sum certain in the amount of $13,517.31 – the difference between the amount remitted by Defendant and the amount of reimbursement to which Plaintiff was entitled under the terms of the relevant insurance plan. *Id*. at ¶38. Plaintiff has provided the Court with sufficient proof of that amount in the form of hospital records, billing records, communications with Defendant and other documents attached to Plaintiff's Complaint. *See* Compl. Ex A-J.

Accordingly, the Court having reviewed Plaintiff's submissions in connection with the pending motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 18th day of February, 2021,

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED**; and it is further

**ORDERED** that an amount of $13,517.31 is awarded to Plaintiff.

/s/  Freda L. Wolfson
Freda L. Wolfson
U.S.  Chief District Judge